LOUISVILLE, CINCINNATI & LEXINGTON R. CO. *v.* S. A. RAMSEY.

**Negligence.**
> Where stock are injured at a point where the railroad company was not required to fence its right-of-way or build cattle gaps, there can be no judgment against the company unless the stock was injured by reason of the negligence of the company.

**Damages for Stock Killed by Railroad Company's Car.**
> Where stock killed was allowed to run in a pasture unfenced from the railroad track, and hence cattle gaps could have been of no service, it was error to permit evidence to go to the jury that no cattle gaps had been built. It was immaterial whether there were cattle gaps, unless it was the duty of the company to build them at that point.

APPEAL FROM CLARK COURT OF COMMON PLEAS.

October 4, 1879.

OPINION BY JUDGE HINES:

In view of the state of the pleadings the fifth instruction given by the court, authorizing the jury to find for appellee one-half the value of the stock killed and one-half of the damage sustained by reason of injury to stock not killed, was erroneous. The second paragraph of the petition was evidently intended by the pleader to be based upon Sec. 2, Chap. 57, General Statutes, but he failed to

allege that appellant had not received compensation for fencing his land along the line of the railroad, and this defect was not cured by the answer, and therefore no issue was presented upon this point to authorize such an instruction or the introduction of the evidence to the effect that compensation had not been received.

The evidence strongly tended to show that appellant, in the running and management of its train, was not guilty of negligence, and the jury may well have so concluded, yet they were constrained, under the instruction mentioned, to find for appellee. Under the pleadings no judgment was authorized without appellant was found to be guilty of negligence. The instruction was clearly misleading, and detrimental to the substantial rights of appellant.

In view of the fact that the evidence conclusively shows that the stock killed and injured were allowed to run in a pasture unfenced from the road, and that cattle-gaps could have been of no service in protecting them from injury, it was error to permit evidence to go to the jury that no cattle-gaps had been built. It is immaterial whether there were cattle-gaps, unless it was appellant's duty to build them at that point, and the failure to build them resulted in or was to some extent the cause of the injury sustained.

The instructions given by the court, with the exception of number five, presented the law of the case to the jury with sufficient clearness. We think the court did not err in refusing the instruction asked for by the appellant. It does not matter whether the stock were actually struck by the engine or cars, if by reason of the negligent handling of the train they were caused to fall and injure themselves.

Judgment is *reversed* and cause remanded with directions to grant appellant a new trial.

G. B. Nelson, A. Barnett, for appellant.
W. M. Beckner, for appellee.